**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold H. UCHIMURA, Defendant–Appellant.**

No. 00–15886.

D.C. No. CV–99–00661–ACK.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Harold H. Uchimura, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his 151 month sentence for conspiracy, distribution of drugs, structuring currency transactions, and filing a materially false tax return. We have jurisdiction pursuant to 28 U.S.C. §§ 2253 and 2255, and we affirm.

When the instructions are viewed as a whole, Jury Instruction 18 fairly and adequately stated defendant's theory of defense and was not vague or ambiguous. Uchimura's claim that his trial counsel was ineffective for offering an improper instruction thus fails both the performance and prejudice prongs of the *Strickland* test. *See Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Uchimura further claims ineffective assistance of counsel resulting from his attorney's failure to move to sever the tax count from the five counts centered on narcotics transactions. Because the count for filing a materially false tax return arose directly out of the unreported income flowing from the narcotics and currency structuring activities charged in the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

other counts, Uchimura had no right to severance, and joinder was proper. *United States v. Kenny*, 645 F.2d 1323, 1344–45 (9th Cir.1981) (no right to severance where tax evasion count "arose directly and solely" out of unreported income flowing from illicit activity charged in other counts); *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir.1987) (stating tax evasion and conspiracy to distribute heroin are logically related, and thus properly joined, where unreported income is derived from heroin sales); Fed.R.Crim.P. 8(b) (authorizing joinder where counts arise from same or similar acts or transactions). Uchimura failed to show either deficient performance or a "reasonable probability" that, but for the failure to move for severance, "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.